IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KENYON DONTE DOCKERY,           )
                                )
            Petitioner,          )
                                )
        v.                       )      1:12CR289-1
                                )      1:15CV200
UNITED STATES OF AMERICA,       )
                                )
            Respondent.          )

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

Before the court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 by Kenyon Donte Dockery. (Doc. 29.) The Government has responded (Doc. 31), and Dockery filed a reply (Doc. 33). The motion is therefore ready for decision. For the reasons set forth below, it will be denied.

I.  BACKGROUND

Just after midnight on March 27, 2012, Greensboro Police Officer Robert Malone received a call from an informant reporting frequent visitors of short duration to a white vehicle near a specified apartment unit, conduct indicative of drug trafficking. Officer Malone responded and found Dockery sitting in the driver's seat of a parked white car outside of the designated apartment unit. Dockery was accompanied by one other passenger. Officer Malone approached the driver's side of the car to ask what they were doing, and Dockery responded that they were visiting an uncle.

When asked for an identification, Dockery turned his back to Officer Malone in order to reach into the center console. The officer, who testified that the area was known for high crime and drug trafficking, said he was concerned for his safety when Dockery turned his back (Doc. 22 at 16) and immediately asked for Dockery to lean back. But Dockery did not comply. Officer Malone then grabbed Dockery's shoulder to move it back so that he could observe Dockery's hands, and when he did, observed clear plastic bags and a roll of cash in the console. Officer Malone asked Dockery to step out of the car and asked for consent to search. Dockery consented to a search of his person but not of his car.

At this time, a second Greensboro Police Officer, Jonathan Chasten, arrived. Officer Chasten asked Dockery's passenger to step out of the vehicle. The passenger consented to a search of his person, which resulted in the officer finding a glass smoking pipe. The passenger also admitted to swallowing a bag of crack cocaine that he was concealing in his mouth. Officer Chasten arrested the passenger for possession of drug paraphernalia. Both officers then searched the car for contraband.

On August 27, 2012, a federal grand jury returned a one-count indictment against Dockery, which charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). (Doc. 1.) On October 17, 2012, Dockery filed a motion to suppress, seeking to exclude evidence seized from the

vehicle and statements made to authorities after his arrest. (Doc. 9.) On November 21, 2012, this court denied the motion. (Doc. 24 at 7.) Dockery then entered a conditional plea of guilty to the indictment, pursuant to a plea agreement that reserved his right to contest the denial of his motion to suppress. (Doc. 16.) On March 26, 2013, this court sentenced Dockery to a term of 82 months.

Dockery appealed his conviction and sentence to the Fourth Circuit, arguing that this court erred in denying his motion to suppress and that the court imposed an unreasonable sentence. United States v. Dockery, 547 F. App'x 339 (4th Cir. 2013). The Fourth Circuit affirmed on both grounds. Id. As to the motion to suppress, the court's holding rested on two theories: that Malone possessed reasonable suspicion to seize Dockery when he approached his car, and that the officers had probable cause to search Dockery's vehicle after arresting Dockery's passenger. On March 2, 2015, Dockery filed this timely motion, arguing that his trial attorney provided ineffective assistance in failing to adequately argue his motion to suppress. (Id. at 16-23.)

## II. ANALYSIS

Collateral attacks brought pursuant to 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 184-86 (1979); Hill v. United

3

States, 368 U.S. 424, 428 (1962); see also United States v. Timmreck, 441 U.S. 780 (1979). To demonstrate ineffective assistance of counsel, Petitioner must show that (1) his attorney's performance fell below a reasonable standard for defense attorneys, and (2) there is a reasonable probability that but for the attorney's incompetent performance, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). Because a strong presumption of reasonable professional assistance attaches to an attorney's conduct, a court should apply a "heavy measure of deference" to an attorney's decisions. Id. at 689-91. Relief for ineffective assistance of counsel can be granted only if petitioner can show specific errors made by counsel. United States v. Cronic, 466 U.S. 648, 666 (1984).

Dockery contends that his trial attorney provided ineffective assistance because he failed to advance several arguments in support of the motion to suppress. First, Dockery argues that his attorney neglected to clarify that the initial interaction between Dockery and Officer Malone was consensual, rather than an investigatory stop. (Doc. 29 at 16.) Second, Dockery claims that his attorney erred when he referred to Officer Malone's grabbing of Dockery's shoulder as a seizure and not a search. (Doc. 33 at 3.) Third, Dockery contends that his attorney failed to explain that Dockery's rights were violated when Officer Malone initiated

4

the alleged search by reaching into the car to grab his shoulder without justification. (Doc. 29 at 17; Doc. 33 at 1-2.) Fourth, Dockery argues that his attorney was ineffective for not highlighting the fact that Officer Malone's alleged search occurred before Dockery's passenger was arrested. (Doc. 29 at 23.) Fifth, Dockery alleges that his attorney failed to explain that Dockery's decision to turn his back to Officer Malone was reasonable, as it was the only way for Dockery to access the console in order to grab his wallet and identification. (Id. at 18.)

In response, the Government argues that Dockery is attempting to re-litigate his motion to suppress through this § 2255 motion, a strategy the Fourth Circuit foreclosed in Boeckenhapt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). The Government also argues that Dockery fails to point out specific errors made by his counsel that would fall below an objective standard of reasonableness. (Doc. 31 at 5-6.) Finally, the Government contends that, even if Dockery were able to meet Strickland's first prong, he cannot prove that but for such errors, the result of the contested proceedings would have been different. (Id. at 7-9.)

While Dockery's ineffective assistance of counsel claim may be similar to his earlier Fourth Amendment claim, the former was not expressly raised on direct appeal. Thus, Dockery's motion "cannot be dismissed wholesale" under Boeckenhapt. United States

5

v. Parker, No. 96-7315, 1996 WL 721834, *1 (4th Cir. Dec. 17, 1996). However, while Dockery may now disagree with his counselor's strategic decisions in arguing his motion to suppress, he fails to demonstrate that the representation fell short of a reasonable standard for a defense attorney.

Indeed, Dockery's attorney's decision not to argue that the initial interaction between Dockery and Officer Malone was consensual was sensible, as the Government had already conceded that point. (Doc. 12 at 7.) In any event, it does not matter because the court acknowledged as much when articulating its ruling on the motion to suppress. (Doc. 24 at 4 (the court noting, "And I should say, by the way, the car was already stopped. So this was a consensual encounter and not a traffic stop . . .").)

Furthermore, the decision of Dockery's attorney to argue that Officer Malone conducted an illegal seizure – as opposed to a search — when he reached inside Dockery's car to grab Dockery's shoulder, was "not unreasonable in light of prevailing professional norms." Poyner v. Murray, 964 F.2d 1404, 1417 (4th Cir. 1992). A "search" is "a probing or exploration for something that is concealed or hidden from the searcher." United States v. Gatling, No. 2:07CR10 FL1, 2007 WL 3028304, at *3 (E.D.N.C. Oct. 15, 2007) (quoting United States v. Haden, 397 F.2d 460, 465 (7th Cir. 1968)); Horton v. California, 496 U.S. 128, 133 (1990) ("A search compromises the individual interest in privacy; a seizure

6

deprives the individual of dominion over his or her person or property.") Because Malone grabbed Dockery's shoulder to pull it back so that he could see Dockery's hands (Doc. 22 at 17; Doc. 26 at 5), this action can be categorized as a seizure. California v. Hodari D., 499 U.S. 621, 626–29 (1991) (explaining that a seizure occurs when an officer, by means of physical force or show of authority, restrains the liberty of a citizen). The Fourth Circuit came to the same conclusion, holding that the seizure was justified by a reasonable suspicion of criminal activity and the possibility that Dockery was armed. (Doc. 26 at 5.) In the end, the decision of Dockery's attorney to argue that a seizure occurred did not render his performance deficient. Dockery's second, third, and fourth arguments, which revolve around his attorney's failure to contend that Malone's actions constituted an illegal search, likewise fail insofar as there were adequate factual and legal grounds to conduct the search in this case.

Dockery's fifth argument is also unpersuasive. While Dockery may take issue with the extent of his attorney's explanation, his attorney did in fact argue that Dockery's movement was a "natural motion" and not sufficient to give rise to reasonable suspicion. (Doc. 22 at 64.) Dockery's attorney explained that Dockery was "laid back all the way in the seat" and therefore had to "rais[e] up and turn[] to go into" the console. (Id.) The decision not to press this argument further does not equate to unconstitutionally

7

deficient assistance of counsel, as it was "a quintessential[ly] tactical one."  Williams v. French, 146 F.3d 203, 217 (4th Cir. 1998).

Section 2255 is not a vehicle for re-litigating a failed direct appeal.  Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949) ("Prisoners adjudged guilty of crime should understand that 28 U.S.C.A. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty.")  Under the applicable standards for his present motion, Dockery fails to demonstrate ineffective assistance of counsel and thus a right to relief.

**III. CONCLUSION**

For the reasons stated,

IT IS THEREFORE ORDERED that Dockery's motion to vacate, set aside, or correct sentence (Doc. 29) is DENIED, and this action is DISMISSED WITH PREJUDICE.

Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is not issued.

                                        /s/   Thomas D. Schroeder
                                      United States District Judge

May 12, 2017